**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**TRENTON DIVISION**

| | |
|---|---|
| **TAMEKA PRATT**, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>**COMPLETE CARE MANAGEMENT LLC and GLENDALE CARE AND REHAB CENTER LLC,**<br><br>Defendants. | Case No.:<br><br><br>COLLECTIVE AND CLASS ACTION COMPLAINT<br><br><br>JURY DEMAND |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff TAMEKA PRATT ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys BROWN, LLC, hereby files this Collective and Class Action Complaint against Defendants COMPLETE CARE MANAGEMENT LLC and GLENDALE CARE AND REHAB CENTER LLC (collectively "Defendants"), and states as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action, individually and as a collective action on behalf of all other hourly-paid employees who elect to opt-in to this action to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. and the attendant regulations at 29 C.F.R. §§ 516, *et seq*.

2.      Additionally, Plaintiff brings this action, individually and as a Rule 23 class action on behalf of all hourly-paid employees to recover unpaid straight time (regular) wages and/or agreed upon wages, overtime compensation, liquidated damages, pre-judgment interest, and

1

reasonable attorneys' fees and costs as a result of Defendants' violation of the Wisconsin Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.*, Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL").

3.      Defendants operated an unlawful compensation system that deprived and failed to compensate Plaintiff and all other current and former hourly-paid, non-exempt employees for all hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by: (1) shaving time (via electronic time clock rounding) from Plaintiff's and all other hourly-paid, non-exempt employees' weekly timesheets for pre-shift and post-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendants, in violation of the FLSA and WWPCL; (2) automatically deducting a half-hour from hourly-paid employees' paychecks each shift for a meal break, despite knowing that hourly-paid employees regularly work during their purported meal breaks; (3) failing to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in said employees' regular rates of pay for overtime calculation purposes, in violation of the FLSA and WWPCL; and (4) failing to compensate Plaintiff and all other hourly-paid, non-exempt employees for work performed for Defendants and on Defendants' premises while clocked out.

4.      Defendants' failure to compensate its hourly paid, non-exempt employees for compensable work performed each workweek, including but not limited to at an overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

5.      Plaintiff also brings a claim and cause of action against Defendants in her individual capacity for purposes of obtaining relief under the WWPCL for unpaid agreed-upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate, for failing to compensate Plaintiff with agreed-upon bonuses and extra compensation for hours worked and work performed during her employment with Defendants, in violation of the WWPCL.

## JURISDICTION AND VENUE

6.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, et seq.

7.      This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8.      The Court has personal jurisdiction over Defendant Complete Care Management LLC because it is a New Jersey-based company with a principal office address of 1730 NJ 37 W, Toms River, New Jersey 08757.

9.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant resides in this District.

## PARTIES

10.      Plaintiff, Tameka Pratt, is a resident of the State of Wisconsin.

11.     Plaintiff has been employed by Defendant as an hourly-paid employee from approximately September 2021 through present.

12.     Plaintiff's job title is "Certified Nursing Assistant."

13.     Throughout her employment, Plaintiff has worked at Glendale Care and Rehab Center, a skilled nursing facility located at 6263 N Green Bay Avenue, Glendale, Wisconsin 53209.

14.     Plaintiff's Consent to Join this collective action pursuant to 29 U.S.C § 216(b) was contemporaneously filed with the Complaint.

15.     Defendant, Complete Care Management LLC, is a New Jersey-based company doing business in the State of Wisconsin with a principal office address of 1730 NJ 37 W, Toms River, New Jersey 08757.

16.     Defendant Complete Care Management owns, operates, and manages skilled nursing facilities and assisted living facilities in multiple States across the county, including but not limited to in the State of Wisconsin.

17.     Defendant Glendale Care and Rehab Center, LLC does business in the State of Wisconsin with a principal office address of 1730 NJ 37 West, Toms River, New Jersey 08757.

18.     Plaintiff worked at the Glendale Care and Rehab Center, LLC facility located at 6263 N Green Bay Avenue, Glendale, Wisconsin 53209.

19.     Defendant Complete Care Management owned, operated, and managed Defendant Glendale Care and Rehab Center, LLC.

20.     During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

21.     Plaintiff worked as an hourly-paid, non-exempt employee in the positions of

Certified Nursing Assistant at Complete Care Management, LLC.

22.     Plaintiff brings this action on behalf of herself and all other similarly-situated current and former hourly-paid, non-exempt employees employed by Defendants within the three (3) years immediately preceding the filing of the Complaint. Plaintiff and all other current and former hourly-paid, non-exempt employees performed compensable work in the same or similarly-titled positions subject to Defendants' same unlawful compensation policies and practices as enumerated herein at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge at locations that were owned, operated, and managed by Defendants.

23.     Defendants hired, terminated, promoted, demoted, and/or suspended Plaintiff and all other hourly-paid, non-exempt employees.

24.     Defendants supervised Plaintiff's and all other hourly-paid, non-exempt employees' day-to-day activities.

25.     Defendants reviewed Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt employees.

26.     Defendants established Plaintiff's and all other hourly-paid, non-exempt employees' work schedules and provided Plaintiff and all other hourly-paid, non-exempt employees with work assignments and hours of work.

27.     Plaintiff and all other hourly-paid, non-exempt employees similarly utilized Defendants' employment policies, practices, and/or procedures in the performance of their job duties.

28.     Defendants oversaw, managed, and adjudicated Plaintiff's and all other hourly-paid, non-exempt employees' employment-related questions, benefits-related questions, and workplace issues.

29.     Defendants established the terms and conditions of Plaintiff's and all other hourly-paid, non-exempt employees' employment.

## FACTUAL ALLEGATIONS[1]

30.     Defendant is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

31.     Defendant is an enterprise that has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

32.     Defendant is an enterprise engaged in the operation of institutions primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institutions.

33.     Defendants were the "employer" of hourly-paid employees within the meaning of 29 U.S.C. § 203(d) and of the FLSA and Wis. Stat. §§ 109.01 et seq., 103.01 et seq., 104.01 et seq.

34.     Hourly-paid employees are "employees" of the Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA and Wis. Admin. Code § DWD 272.01.

35.     Hourly-paid employees' job duties include assisting patients with care tasks.

36.     Hourly-paid employees' base compensation consists of an hourly rate of pay.

37.     Defendants are contractually obligated to pay each hourly-paid employees for all hours worked.

38.     Defendants require hourly-paid employees to clock in and out using an electronic timekeeping system.

---

[1] The allegations in this Complaint, unless otherwise specified, refer to the time period of three years prior to the filing of this Complaint through the present.

39.     Defendants suffer and permit hourly-paid employees to work more than forty (40) hours per week.

40.     Defendants suffer and permit hourly-paid employees to perform compensable work while clocked in before and after their scheduled shifts.

41.     Defendants knew or had knowledge that hourly-paid, non-exempt employees worked in excess of forty (40) hours per workweek.

42.     Hourly-paid, non-exempt employees were subject to Defendants' same unlawful policy, practice, custom, and/or scheme of shaving time (via electronic time clock rounding) from hourly-paid, non-exempt employees' weekly timesheets for pre-shift and post-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendants.

43.     Pursuant to Defendants' policies, Defendants' computerized timekeeping system automatically deducts one half-hour from hourly-paid employees' paychecks each day for a meal break.

44.     Hourly-paid employees do in fact perform work during those breaks and are not paid for such work.

45.     Defendants know that hourly-paid employees perform work during their purported meal breaks, but do not compensate them for this time.

46.     Hourly-paid, non-exempt employees earned and were compensated with monetary bonuses, incentives, awards, and/or other rewards and payments based on their hours worked or work performed during their employment with Defendants.

47.     Defendants failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in hourly-paid, non-

exempt employees' regular rates of pay for overtime purposes in violation of the FLSA and WWPCL.

48.    Defendants failed to compensate hourly-paid, non-exempt employees for work performed while clocked out, including, *inter alia*, helping residents use the restroom and getting off dialysis.

49.    Hourly-paid, non-exempt employees were subject to Defendants' pay and timekeeping policies and practices.

50.    Defendants tracked and/or recorded hourly-paid, non-exempt employees' hours worked each workweek.

51.    Defendants maintained an electronic time-clock system (hereinafter simply "Defendants' electronic timekeeping system") that hourly-paid, non-exempt employees used on a daily basis for timekeeping and/or recordkeeping purposes.

52.    Defendants maintained a centralized system for compensating hourly-paid, non-exempt employees for all remuneration earned, including but not limited to with monetary bonuses, incentives, awards, and/or other rewards and payments.

53.    Hourly-paid, non-exempt employees used Defendants' electronic timekeeping system to "clock in" and to "clock out" of work each day at the beginning and end of their shifts, respectively.

54.    Hourly-paid, non-exempt employees performed compensable work immediately after "clocking in" via Defendants' electronic timekeeping system at the beginning of their shifts each work day.

55. Hourly-paid, non-exempt employees performed compensable work immediately prior to "clocking out" via Defendants' electronic timekeeping system at the end of their shifts each work day.

56. Hourly-paid, non-exempt employees' "clock in" and "clock out" times each work day via Defendants' electronic timekeeping system were kept, stored, and/or retained by Defendants.

57. Hourly-paid, non-exempt employees' "clock in" and "clock out" times each work day via Defendants' electronic timekeeping system recorded, reflected, and represented actual hours worked and work performed each work day and each workweek by hourly-paid, non-exempt employees. However, during the three (3) years immediately preceding the filing of this Complaint, Defendants' pay policies and practices failed to compensate hourly-paid, non-exempt employees for all hours actually worked and/or work performed each work day and each workweek.

58. Each work day during the three (3) years immediately preceding the filing of the Complaint, Defendants directed, expected, and/or required hourly-paid, non-exempt employees to arrive to work on Defendants' premises and to perform compensable work immediately after "clocking in" via Defendants' electronic timekeeping system for their scheduled shift start times.

59. Each work day during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), hourly-paid, non-exempt employees' normal or customary daily routines were to arrive to work on Defendants' premises and to perform compensable work immediately after "clocking in" via Defendants' electronic timekeeping system for their scheduled shift start times.

60.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants' compensation practice applicable to hourly-paid, non- exempt employees at the beginning of their shifts each work day was to round said employees' actual hours worked and/or work performed in fifteen (15) minute increments forward to said employees' scheduled shift start times. For example, during Plaintiff's employment with Defendants, and if Plaintiff arrived to work at Defendants, "clocked in" via Defendants' electronic timekeeping system at approximately 6:25 a.m. for her 6:30 a.m. scheduled shift start time, and immediately began performing compensable work, Defendants rounded Plaintiff's start time for compensation purposes to her scheduled shift start time of 6:30 a.m. Such a practice was non-neutral and resulted in Defendants shaving time from hourly-paid, non-exempt employees' timesheets each work day and each workweek for pre-shift hours worked and/or work performed.

61.     Each work day during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants directed, expected, and/or required hourly-paid, non-exempt employees to perform compensable work immediately prior to "clocking out" via Defendants' electronic timekeeping system for their scheduled shift end times.

62.     Each work day during the three (3) years immediately preceding the filing of the Complaint, hourly-paid, non-exempt employees' normal or customary daily routine was to perform compensable work immediately prior to "clocking out" via Defendants' electronic timekeeping system for their scheduled shift end times.

63.     Defendants' compensation practice applicable to hourly-paid, non-exempt employees at the end of their shifts each work day was to round employees' actual hours worked and/or work performed in fifteen (15) minute increments backwards to said employees' scheduled shift end times.  For example, during Plaintiff's employment with Defendants, and if Plaintiff's

normal or customary daily scheduled shift end time was 2:30 p.m. but Plaintiff performed compensable work passed her scheduled shift end time and "clocked out" via Defendants' electronic timekeeping system at approximately 2:35 p.m. immediately after performing compensable work, Defendants' practice was to round Plaintiff's end time back to her scheduled shift end time of 2:30 p.m. for compensation purposes. Such a practice resulted in Defendants shaving time for hourly-paid, non-exempt employees' timesheets each work day and each workweek for post-shift hours worked and/or work performed as stated in the aforementioned paragraphs each work day after "clocking out" via Defendants' electronic timekeeping system.

64. During the three (3) years immediately preceding the filing of this Complaint, Defendants' policies in practice failed to compensate hourly-paid, non-exempt employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

65. During the three (3) year period immediately preceding the filing of this Complaint, Defendants knew and/or was aware that their pay policies and practices failed to compensate hourly-paid, non-exempt employees for all pre-shift and post-shift compensable work performed as described herein.

66. During the three (3) year period immediately preceding the filing of this Complaint, Defendants did not properly and lawfully compensate hourly-paid, non-exempt employees for all hours actually worked and/or work performed each work day and each workweek, including but not limited to at an overtime rate of pay.

67. During the three (3) year period immediately preceding the filing of this Complaint, Defendants' policies in practice unlawfully and impermissibly failed to, on a daily and/or weekly

basis, compensate hourly-paid, non-exempt employees when compensable work commenced and ceased each work day.

68.     During the three (3) year period immediately preceding the filing of this Complaint and during workweeks when no overtime was due, if any, Defendants suffered or permitted hourly-paid, non-exempt employees to work without being paid appropriate and lawful compensation for all hours worked and/or work performed each work day and each workweek.

69.     Defendants were or should have been aware that their compensation policies in practice failed to compensate hourly-paid, non-exempt employees in the same or similar fashion for all hours worked and/or work performed each work day and each workweek, including but not limited to at an overtime rate of pay.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

70.     Plaintiff re-alleges and incorporates all previous paragraph herein.

71.     Plaintiff brings this action on behalf of herself and all other similarly all hourly-paid workers who have been affected by Defendant's common unlawful policies and practices which include failing to pay overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and attendant regulations at 29 C.F.R. § 516, et seq.

72.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> *All current and former hourly-paid employees who were employed by any of the Defendants in the United States at any time within the three (3) years preceding the commencement of action and the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

73.     As a result of the Defendant's illegal policies, there were many weeks in which Defendants failed to compensate members of the FLSA collective at an overtime premium rate of

not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

74. Plaintiff brings this collective action against Defendants to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

75. The collective action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

76. Plaintiff seeks to send notice to the hourly-paid workers of Defendants informing them of their rights to assert FLSA claims in this collective action by filing their individual consent forms, as provided by U.S.C. § 216(b) and supporting case law.

77. Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because they were subject to the same or similar unlawful policies and practices as stated herein and their claims are based upon the same factual and legal theories.

78. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

79. Plaintiff and the putative FLSA collective members demand a trial by jury.

**CLASS ACTION ALLEGATIONS**

80. Plaintiff re-alleges and incorporates all previous paragraphs herein.

81.     Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

*All current and former hourly-paid employers who were employed by any of the Defendants in the State of Wisconsin at any time within three (3) years preceding the commencement of this action and the date of judgment.*

*Plaintiff reserves the right to amend this definition as necessary.*

82.     The members of the Wisconsin Class are readily ascertainable. The number and identity of the members of the Wisconsin Class are determinable from the records of Defendants. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Class are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

83.     The proposed Wisconsin Class are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over fifty (50) members of each of the Wisconsin Class.

84.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Rule 23 Wisconsin Class, including, but not limited to:

A.  Whether Defendants' engaged in unlawful rounding to compensate the Rule 23 Wisconsin Class members for less time than they actually worked;

B.  Whether the time the Rule 23 Wisconsin Class members spent engaging in work activities while clocked-out, including, *inter alia*, helping residents use the restroom and getting off dialysis, was compensable.

C.  Whether the time the Rule 23 Wisconsin Class members spent performing work during purported automatically deducted meal breaks was compensable; and

D.  Whether Defendants paid the Rule 23 Wisconsin Class members overtime compensation at rates that Defendants calculated without including non-discretionary bonus compensation, thus paying the Class members lower than the overtime rates the workers were entitled to receive.

85.    Plaintiff's claims are typical of those claims which could be alleged by any members of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All of the members of the Wisconsin Class were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all members of the Wisconsin Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Class. Plaintiff and other members of the Wisconsin Class sustained similar losses, injuries and damages arising from the same unlawful policies and practices and procedures.

86.    Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

87.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to

prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Class to redress the wrongs done to them.

88.     Defendants' corporate-wide policies and practices affected all class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claim arises the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and his counsel know of no unusual difficulties in this case.

89.     Plaintiff and the Rule 23 class members demand a trial by jury.

**FIRST CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime Wages (Plaintiff on**
**behalf of herself and the FLSA Collective)**

90.     Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

91.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

92.     At all times material herein, Defendants were an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

93.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendants as provided under the FLSA.

94.     Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

95.     Defendants violated the FLSA by suffering or permitting Plaintiff and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked in excess of forty (40) hours each workweek. Specifically, Defendants' unlawful compensation practice shaved time from the FLSA Collective's timesheets for all pre-shift and post-shift hours worked and/or work performed, and by failing to compensate the FLSA Collective in such a fashion as described herein, this unlawful compensation practice denied Plaintiff and the FLSA Collective overtime premium pay for each hour they worked in excess of forty (40) hours each workweek and for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

96.     Defendants violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek by failing to include all forms of non-discretionary compensation in the FLSA Collective's regular rates of pay for overtime calculation purposes.

97.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

98.     Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants are enterprises engaged in commerce and/or their employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

99.     Defendants' failure to properly compensate Plaintiff and the FLSA Collective and failure to properly record all compensable work time and include all forms of non-discretionary compensation in the regular rate of pay for overtime calculations, was willfully perpetrated. Defendants have not acted in good faith and with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, Plaintiff and the FLSA Collective are entitled to an award of pre-*judgment interest at the applicable legal rate.*

100.    Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

101.    As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and the FLSA Collective for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

102.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violations of the WWPCL – Unpaid Overtime Wages**
**<u>(Plaintiff, on behalf of herself and the Wisconsin Class) Rule 23</u>**

103.    Plaintiff, on behalf of herself and the Wisconsin Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

104. At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

105. At all relevant times, Defendants were an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

106. At all relevant times, Defendants employed, and continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 et seq., 103.01 et seq., 104.01 et seq., and Wis. Admin. Code § DWD 272.01.

107. Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

108. At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

109. Throughout the Wisconsin Class Period, Defendants maintained and perpetrated an unlawful compensation practice that shaved time from Plaintiff's and the Wisconsin Class' timesheets for all pre-shift and post-shift hours worked and/or work performed each work day and each workweek, resulting in Defendants impermissibly and unlawfully failing to compensate Plaintiff and the Wisconsin Class for any and all hours worked and/or work performed each work day and each workweek at an overtime rate of pay, in violation of the WWPCL.

110. Throughout the Wisconsin Class Period, Defendants maintained and perpetrated an unlawful compensation practice that failing to include all forms of non-discretionary compensation

in the Wisconsin Class' regular rates of pay for overtime calculation purposes, in violation of the WWPCL.

111.     Defendants willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of the WWPCL.

112.     As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

113.     Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

**THIRD CLAIM FOR RELIEF**
**Violations of the WWPCL**
**Unpaid Regular Wages/Failure to Pay an Agreed-Upon Wage**
**(Plaintiff, on behalf of herself and the Wisconsin Class)**

114.     Plaintiff, on behalf of herself and the Wisconsin Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

115.     At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

116.     At all relevant times, Defendants were an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

117.     At all relevant times, Defendants employed, and continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 et seq., 103.01 et seq., 104.01 et seq., and Wis. Admin. Code § DWD 272.01.

118.     Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

119.     At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

120.     Throughout the Wisconsin Class Period, the Wisconsin Class was entitled to payments from Defendants at their agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked, pursuant to Wis. Stat. § 109.03.

121.     Throughout the Wisconsin Class Period, Defendants did not compensate the Wisconsin Class for each and every hour worked, in accordance with Wis. Admin. Code § DWD 272.

122.     Throughout the Wisconsin Class Period, Defendants maintained and perpetrated an unlawful compensation practice that shaved time from Plaintiff's and the Wisconsin Class' timesheets for all pre-shift and post-shift hours worked and/or work performed each work day and each workweek, resulting in Defendants impermissibly and unlawfully failing to compensate Plaintiff and the Wisconsin Class for any and all hours worked and/or work performed each work day and each workweek at their regular hourly rate of pay when hours worked each workweek did not exceed forty (40), in violation of the WWPCL.

123. Defendants willfully failed to pay Plaintiff and the Wisconsin Class compensation for all hours worked that did not exceed forty (40) hours in a workweek, in violation of the WWPCL.

124. As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

125. Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief against Defendants, as follows:

(A) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non- exempt employees who worked at and/or were employed by Defendants informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendants to take any actions in retaliation of their consent to join this action;

(B)     At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

(C)     At the earliest possible time, issue an Order appointing Brown, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

(D)     Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

(E)     Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees damages in the form of reimbursement for unpaid overtime wages and/or regular wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

(F)     Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

(G)     Issue an Order directing Defendants to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest;

(H)     Issue an Order directing and requiring Defendants to pay Plaintiff for agreed-upon wages in accordance with Wis. Stat. § 109.01(3) and Wis. Admin. Code § DWD 272; and

(I)     Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt employees with other relief that the Court deems just and equitable.

## JURY DEMAND

Plaintiff, individually and on behalf of all other FLSA Collective members, by and through undersigned counsel, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: September 26, 2023

RESPECTFULLY SUBMITTED,

*/s Jason T. Brown*
Jason T. Brown (NJ Bar No. 35921996)
Nicholas Conlon (NJ Bar No.34052013)
Eric Sands (Will seek admission pro hac vice)
Brown, LLC
111 Town Square Place, Suite 400
Jersey City, New Jersey 07310
Phone: (877) 561-0000
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com
eric.sands@jtblawgroup.com

*Attorneys for Plaintiff*